Thank you all for coming today. My name is Judge Nardini. With me on the bench today we have Judges Calabresi and Chin. Before I proceed any further, first I'm going to do an audio check to make sure that our audio system is fully functioning, and it appears that it is. I want to express my thanks to you all for coming here today. Because we are still operating with masks, and sometimes it's a little hard to hear folks, I would ask that as each attorney comes to the podium, please feel free to raise or lower the podium with the switch to your right, and that will bring the microphone as close as possible to your mouth so we can hear you more distinctly. So we do appreciate your assistance there. We are going to switch up the calendar, the order, a little bit from how we had it listed. So I believe that the courtroom deputy has already indicated to the parties our intention is to start with 20-3256, Fink v. Mohonk Preserve. And then if all the parties are ready for Morrison v. Jones, we'll take that second, and then we'll end with Gene Carroll v. Donald Trump and the United States of America. But if the parties are not ready for Morrison and Jones, we'll take that third. So that's the order in which we intend to proceed today. So why don't we start with 20-3526, Fink v. Mohonk Preserve. I understand counsel are present. And we have Mr. Oswald for the appellant. Is that correct? Yes, Your Honor. That is correct. Good morning. Good morning. And I understand you would like to reserve two minutes for a rebuttal. Is that right? That's correct, Your Honor. Very well. You may proceed. Thank you. Good morning. And may it please the Court. Philip Oswald for the defendant's appellants. I'd like to begin by quickly summarizing the procedural posture because there are some mistakes in the courts below. First, a 12b motion was filed. Second, it was filed when it needed to be filed, which is on the June 1st deadline set by the court's text order. Third, our Rule 11 letter never demanded a dismissal under the threat of a 12b motion. It was a Rule 11 motion that was contemplated by the letter. Fourth, once the dismissal occurred, no Rule 11 motion was ever filed. Rule 11 was no longer pursued any further at that point. And I'll move into the merits of the issue as to whether there is judicial imprimatur here. It's the defendant's position that Carter is dispositive. A voluntary dismissal with prejudice is the equivalent of a judgment on the merits. That's a longstanding principle that's firmly embedded in our jurisprudence. It's equally undeniable that a judgment on the merits for the defendants or a dismissal with prejudice is the most favorable relief that can be secured. Okay. Suppose I agree with you on all this. Can you hear me? Yes, Your Honor. Yeah. Suppose I agree with you on all this. Isn't really what Judge McMahon ultimately did in denying attorney's fees, we're not talking about costs because those are not really before us, but in denying attorney's fees, whatever she said about frivolousness or whatever, she then adopted the magistrate's judgment in full. It too had the same procedural mistakes, but in the end, the key to that was this wasn't so frivolous as in a 1983-type action to put the costs on the plaintiffs, which is very rare that we do, to put attorney's fees on that. And isn't that really what's going on here? Your Honor, that might be. I would say that the district court judge's opinion is a little bit inconsistent because she seemed to adopt the magistrate's. I know. She said it's frivolous. Yes, Your Honor. And then adopted a whole thing which said that it wasn't. But Judge McMahon usually knows what she's doing. Of course, Your Honor. And to the extent that that was her holding, we would respectfully present or submit to the court that this case is the exceptional case that Your Honor was talking about. Here we have plaintiffs who went through lengthy state court litigation, concluded in 2016. The result of that litigation was that they never had a valid interest in— Counselor, you said earlier that the Rule 11 motion was not filed. Yes, Judge. But under the rule, it's not supposed to be filed. It's supposed to be served but not filed. And the idea is to give the other side a safe harbor, an opportunity to withdraw. And the other side did. Your Honor, we did. So in other words, there was no need for the Rule 11 motion ever to be filed. Your Rule 11 would-be motion did the trick. It got them to go away. And we never filed Rule 11, Your Honor. We pursued our rights under the 1988 avenue, Your Honor, which is independent of Rule 11. If we were to read— But what attorney's fees would there be if you had—you know, you just went away? I mean, what—how much time would you have had to spend if they went away three days after getting the Rule—being served with the Rule 11 motion? Sure, Your Honor. And I would like to explain that because it is an important point. The complaint was served. We had to respond by June 1st. We began the research to determine how to respond. We prepared extensive motion-to-dismiss papers, 12B6 papers. We filed them on the deadline that we had to file them. It was only through the course of doing that research and preparing that motion, reviewing thousands of pages of documents from the trial court and the cases that happened before, that we determined that this was an absolutely frivolous case. That is why we did not serve the Rule 11 letter until after we had already filed the motion to dismiss at that point. If it took you that long to decide that this was utterly frivolous, it's hard to say that it was so utterly frivolous on its face. You know, we don't grant attorney's fees in these cases almost ever. Judge, these plaintiffs were told four years ago by a state court judge that an attempt to claim an interest in this property would be fraudulent. And it was fraudulent back then. Four years later in 2020, they make the same claim. They're told that, Judge. But they are claiming a federal right to this. And the fact that the state court has told them you don't have it is, in fact, determinative. But it is not. You know, there have been plenty of situations in which people have lost on the state and then found that something, especially with respect to ownership of property, the current Supreme Court has found all sorts of ownership in properties which most people would have thought were absurd. But they found them. Judge, the claim was based on the deprivation of a property interest. That interest, they were told they never had and that it would be fraudulent for them to claim it. So that's what they did again, Your Honor. I would respectfully submit this is an exceptional case. There's not one case that I've seen, not under denial of a review, not under abuse of discretion, where parties were told that claiming something was fraudulent by a state court judge and then do it again four years later in federal court. I believe that they knew they had no claim, that it was a complete attempt to harass our people. You say that this is so clear that we should, given all the mix-up, that there's no doubt that the lower courts were procedurally sloppy, but given all the mix-up, you say that we should just on our own say, come on now, you should have read it. No, I'm just respectfully requesting that the prevailing party determination be reversed. I think as a matter of law, the dismissal with prejudice, it was early on in litigation. Certainly, they have limited their exposure to the amount of fees that they would be liable for. There are not as many as much fees there would be as we had gone through summary judgment. That is always a prevailing party. I may agree with you, but it's anything but an easy one in the circuits. So unless we're quite sure that, unless I'm quite sure that attorney's fees should be granted to you given that you are a prevailing party, I'm much more likely to assume arguendo you are, and then say, too bad. Well, Judge, they try to fraudulently convey a deed after you've won in a state court. They continuously do that. My clients are not-for-profit organizations. They have to spend real money on lawyers to defend these frivolous claims. Now, they ended it early, so it's not as bad. You're spending more money on this appeal now? I'm doing this pro bono. I'm doing this for my clients without charging them. What would the fee application have been for? What would have been requested had they made a fee application in the district court? Because you're only talking about fees for what happened in the district court, not for the years of litigation before, right? Yes, Your Honor. I don't have the numbers before me. It is in the record. I believe it was- It can't be very high, and I have difficulty understanding why we're all here on this case. Because this is a repeated occurrence from these two plaintiffs, Your Honor. Never ends for my clients. Wasn't it something like $26,000? I think after the objections and everything like that, and the motion to dismiss, and the briefing for the fees, that sounds about accurate, Your Honor. Well, you've reserved two minutes for rebuttal, and we will hear from opposing counsel for the appellee. We have Mr. Little. Thank you, Your Honors. Thank you. Can you hear me? Yes. Okay, good. Thank you. May it please the Court, my name is Jeffrey L. Little. I'm representing Karen Pardini and Michael Fink. When we received a letter on June 1st, which is in the appendix as pages 97 through 99, claiming that the action was frivolous, and claiming that a Rule 11 motion would be made for sanctions if we did not withdraw it, we considered the letter, we considered the issue, we considered the case. And this case, just so you know, was not the case that had previously been litigated. And it was not any one of the many cases that had been previously litigated between these parties. And it was, of course, none of those prior cases were cases that we had represented. But you did realize you needed to withdraw the case? We decided that we should withdraw the case. I guess one of the questions is, you get this notice, the things that were told to you by opposing counsel could not have been great mysteries unknown to you, correct? How did you not see this coming? This issue of why we did it has never really been discussed. All I can say is that... In any event, that's always the case when somebody files a Rule 11 thing and people look at it and withdraw. Right. You're made to think maybe you should have fought before, but at least under Rule 11 that we don't give sanctions. Right. And, of course, the 1983 claim, apropos what you're saying, the 1983 claim was not for the same relief that had ever been sought in a prior case. It was for injunctive relief so that a taking of Mr. Fink's and Ms. Pardeen's property could not occur under these circumstances in the future. Well, look, your case was mighty weak. Whether it was sufficiently frivolous to get 1988 attorney's fees on the other side is another matter. It was a mighty weak case. But we get lots of mighty weak cases. Right. And we responded specifically as Rule 11 is supposed to work. Within that 21-day period, we heard that this motion to dismiss was filed, but inspection of the docket shows that the clerk did not treat it as filed because it was defective. Nothing ever occurred on it. In fact, there was no opposition. The court didn't hear it. And when we filed the Rule 41A1A1i dismissal, the clerk entered the dismissal and noted, without judicial action. So I can't imagine what... to whom should one pay most attention to in deciding whether a case is sufficiently frivolous to get Section 1988 attorney's fees be given to the defendant as is sought in this case. Is it the magistrate judge? Is it the district court? Is it us? And what do we do with the fact that the district court seemed to use language in one direction and rule in the opposite? Right. Well, I would never say that this court wasn't the most important in the entire process. Oh, of course, they're the most important. But that doesn't mean we should decide. But the magistrate judge whose order was accepted or his report and recommendation was accepted as the order by Judge McMahon did go through a very detailed and elaborate discussion of when a case would be considered frivolous. His order was accepted completely and there is that phrase. And I read it as, based on the rest of what she wrote, including the addendum in particular, I read it as saying, maybe imperfectly, even if this were a frivolous case, these principles would apply. I'm not going to say that those words say that and obviously it's an issue, but she did not hear this. Should we send it back on a Jacobson remand and ask her what she meant? Well, I don't know where that would get anybody because if there were a determination under these very unusual circumstances, and I don't think there's a single case under 41A1A1i in which a finding of prevailing party has arisen and there are a lot of cases cited, but I don't see that. I see cases under two little i's where there's a stipulation and I see cases under A2 where there's a court order. I don't think it's going to make much of a difference because as I read the addendum, Judge McMahon makes a very significant point that I think we can translate easily into saying she would, in exercising her discretion on whether or not fees should be awarded, she wouldn't probably award any because she said she thought it was a waste of time to prepare the motion to dismiss once they had sent the letter on Rule 11 and that what they were doing was interesting and whoever was going to bear the burden of that The opposing counsel said that they had to file that motion by that date because that was the date. Could they have asked the judge to extend that date given that they were going to file a Rule 11 motion? I'm sorry, extend the date to respond? Yes, of course. In fact, the date to respond to file a motion to dismiss. Absolutely. You know, the most appealing thing of their argument is to say we had to do it because we had no time. But my question is, could they have said look, we're going to tell these people to dismiss voluntarily can we have more time until we see how they react? Could they have done that? Absolutely. They were served early in mid-May and they had plenty of time. Two of the defendants, I believe weren't required to even move or answer until June 12. So there was never any discussion about that. And, of course, something you don't see in the record when I called Mr. Oswald to try to talk to him about scheduling and stuff like that before June 1st I never received any kind of a return call. So, yes, he could have approached Judge McMahon no question about it, and I believe from my own experiences with her that she would have freely granted them time to possess him. Well, if she hadn't, it would be a different case, of course. Thank you. If there's nothing else I would rest on our brief. Thank you very much. Mr. Oswald, you've reserved two minutes for rebuttal. Yes, thank you, Your Honor, and I'll be brief. I just want to clarify a few things. First, I don't recollect Mr. Little reaching out to me before we filed the motion to dismiss. Not exactly sure how he would know that I represent my clients at that point. Second thing, Your Honor... But you never approached counsel to ask for an extension of the time to respond to the complaint, correct? In all candor, Judge. Is that correct? No, Your Honor. We never asked for an extension of time to respond to the complaint. That's correct. But in all candor, when my clients got the complaint and summons and three of them were required to respond on June 1st, two were required to respond about 10 days later, they all retained me to represent them. They know the history with these parties. They've been in litigation... Your Rule 11 letter says if the complaint is not withdrawn and the action is not discontinued within 21 days, we will file a motion pursuant to Rule 11 for fees. Correct, Your Honor. Yeah, so they withdrew the complaint. But we never filed a Rule 11 motion for fees. But instead filed a Rule 11 motion under 1988. Your Honor, if we were to... That sounds like sandbagging. You get them to withdraw the complaint by the threat of a Rule 11 motion, they withdraw the complaint, and then you file a different motion. Well, Your Honor, my client is continuously forced to expend money to defend against these cases, Judge. And in all fairness, when we prepared the motion to dismiss papers, I remember it, they were finalized shortly, like the day before, maybe the morning of the deadline. And then we started discussing that day whether we should do the Rule 11 letter as well because of how frivolous it was. It wasn't apparent to us until we had finalized the motion to dismiss package. Lastly, I'll end with this, is that if we were to read the 21-day safe harbor of Rule 11 and every other statutory provisions for fee shifting into every contract... No, we're not. That's not what we're doing. That's not what we're doing. We're not reading the safe harbor. We're not saying... Nobody said, says here at least, that because they dismissed, there is no right to a 1988. That's a separate issue. Of course, Your Honor. What I mean by that, Judge, is that I think the result of this is that if you send a Rule 11 letter and you have an independent right to fees and they comply with the 21-day safe harbor, you then no longer can act on that independent right for fees. That's all I was saying, Your Honor. And with that, I see my time is ending. I would end with this. The appellants would respectfully submit that if there ever were an exceptional case that justified an award of attorney's fees to a prevailing defendant, it is this case. Please reverse. Thank you. Thank you very much to both parties.